Harper, J.
The first ground of tlie motion relates to the admission in evidence of the declarations of the deceased Da-I am *-'ave> wbo was one °f the parties to the covenant. of opinion that they were properly admitted. The rule is laid down by Starkie, in his treatise on evidence, that “ a comma, nity of interest or design, will frequently make the declaration of one the declaration of all.” Part IV. p. 44. So it is said <!in an action of covenant, against two, it was held that the voluntary affidavit of one, upon a subject in which he was jointly interested with the other, is evidence against the other.” lb. 46. In Whitcombe v. Whiting, Doug. 652, the action was against one of several makers of a joint and several promissory note, and the acts of one of the makers, not a party to the suit, were admitted to repel the plea of the statute of limitations. Such, also, was the case of Beitz v. Fuller, 1 M’Cord, 541. It was admitted that such is the rule in relation to the statute of limitations ; but this was supposed to be a peculiar case. I see no reason for this. On the contrary, one of several makers of a note, may not in all likelihood know whether it has been paid by the other parties or not; but he is likely to be informed of the consideration on which it was given. In Wood v. Braddick, however, (1 Taunt. 104,) the admissions of one partner, who was not a party to the suit, made after the dissolution of the partnership, were received to establish the demand against the other. And in Fisher v. Tucker, 1 M’C. C. R. 169, in which the subject was very fully considered, the opinion was expressed by Judge Nott, that the declarations of the deceased partner, made after the dissolution, were admissible to establish the demand, though they were not hold sufficient for the purpose in that case.
The second and third grounds may be disposed of together.
It was not seriously contended that the promissory notes in question were not given for the balance of the money due on the contract, after the payment of a part in cash.
The giving of the notes by the defendants, after the completion of the work, was certainly an admission on their part that it was performed according to the contract, and as an admission receivable in evidence. It was also conclusive, in the absence of testimony, that thoy were given under mistake or misapprehension; though it does not appear, from the report of the judge, that, in his charge to the jury, he used the terms attributed to him in the third ground. That, in the opinion of witnesses, the work done by the intestate was worth more than he was to receive for it, was certainly some evidence of fidelity on his part in the performance of his contract; nor does it appear that this evidence was objected to.
The fourth ground is, that the evidence on the part of the plaintiffs proved that the defendants had performed their *531 part of the contract. This is, I suppose, that the payment of the money in part, and the giving of promissory notes for the balance, was a satisfaction and discharge of the covenant. The rule of law is perfectly well settled, that if a note or bill be given on account of a previous debt, though by open account or other simple contract, this is no payment, unless it be expressly accepted as payment or produce payment. If it be dishonoured at maturity, the party may resort to the original cause of action; though- there may be a suspension of the right of action in the meantime. Still more, when the original demand is by specialty. The case of Drake v. Mitchell, 3 East, 251, is expressly in point, except that it is stronger than the present. In that case, one of the joint covenantors gave a bill of exchange for part of a debt secured by the covenant against the three, on which bill judgement was recovered.. This was held to be no bar to an action of covenant against the three ; the bill, though pleaded to have been given for the payment and satisfaction of the debt, not being averred to have been accepted as satisfaction, or to have produced it in fact. In the case before us, there is no plea that the notes were given or accepted as satisfaction. And if there were, there ia not the slightest evidence to support it. On the contrary, the intestate’s having retained the covenant uncancelled, affords a presumption that they were not so intended. They have not produced satisfaction in fact. In the case of Peters v. Barnhill, 1 Hill, 234, which was referred to, in which a promis. sory note given by the defendant was held to be satisfaction of a judgement, it is stated that satisfaction had been entered on the execution. This was the most conclusive evidence that the plaintiff accepted it as satisfaction.
The motion is dismissed.
Johnson, J. concurred.,
O’Neall, J. absent.